**THIS CASE HAS NOT BEEN SET FOR ORAL ARGUMENT**

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**No. 24-4543**
1:21-cr-00458-JKB-1

_____

**UNITED STATES OF AMERICA,**                **Appellee,**

**v.**

**ELIAS COSTIANES, JR.,**                      **Appellant**.


**APPELLANT'S EMERGENCY MOTION FOR INJUNCTION TO THE U.S.
MARSHALS TO RELEASE APPELLANT, STAY THE SENTENCE, AND
EXPEDITE THIS MOTION PENDING APPEAL**

Roger I. Roots
Appellant's Counsel
John Pierce Law
*21550 Oxnard St. 3rd Floor*
*PMB #172*
Woodland Hills, CA
775-764-9347
rroots@johnpiercelaw.com

Carolyn Stewart
Appellant's Counsel
(Circuit Bar application forthcoming)
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
(813) 659-5178
Carolstewart_esq@protonmail.com

## INTRODUCTION

Mr. Costianes contends that he has been pardoned by the President in the case on appeal here and that the government should mirror the process used for January 6, 2021, defendants in the U.S. Court of Appeals for the D.C. Circuit and its district court. His D.C. district case had not been tried and was dismissed with prejudice in D.C. given the pardon. For cases on appeal, the DOJ submitted a motion to vacate the appeal, with consent. The Circuit Court then vacated and remanded for dismissal. That is what should happen here if this Court will enjoin the government to obtain guidance from the U.S. Attorney General (AG) and facts. Similarly, this Court can order the lower court on a limited remand under FRAP 12(b) to address its error in not considering the pardon, where the government sat on the sidelines.

This extraordinary issue where the lower court insisted that Mr. Costianes be incarcerated today, February 12, 2025, without any consideration of the pardon requires an injunction and stay because the pardon applies. At a minimum, the issue must be addressed and in the unlikely event a determination was made that he is not pardoned, there is no injury to the government or any party. However, Mr. Costianes will be irretrievably harmed by waiting in prison, especially while the appellate briefing schedule progresses into May 2025.

The pardon was mentioned as a future possibility in the CJA's January 15, 2025, filing at district court. The district court on January 28, 2025, in its order

denying a stay for self-surrender past February 12, 2025, (1:21-cr-00458 Document 159) didn't acknowledge that the pardon had been issued after the CJA filing. The CJA made no further filing at district court or here. She explained she is appointed for the Section 2255 matter and wrote that not having knowledge of the January6th criminal matters, she would need to consult with other attorneys up through March 26, 2025. Mr. Costianes obtained additional counsel at no expense to him since the CJA will just address the outstanding Section 2255 motion at district court that she requested be extended starting on March 24, 2025, and into May 2025 with normal timeline filings. She additionally obtained an extension for the briefing schedule in this Court to start March 27, 2025, that extends into late April 2025. She is not addressing the matter of urgency which is the pardon and imprisonment due her limited appointment orders.

This Motion addresses the necessary application of the Presidential pardon. The government indicated to undersigned that it would be willing to discuss the matter. It neither consented nor opposed this motion, to which it was given notice. Resolution of this Motion is likely to end the appeal. This Court should order the U.S. Marshals to immediately release Appellant; enjoin the Government to coordinate with Appellant counsel to address the pardon and consult its chain for guidance. The lower court should be given an order to address the pardon since its Order at ECF 159 did not address it after it was in effect and after prospective

mention in the stay request at ECF No. 155. For the ends of justice, Mr. Costianes must be released now while the dialogue proceeds in time needed.

In addition to not addressing the pardon, the lower court wouldn't even wait until the federal Bureau of Prisons (BOP) designated a facility and security level. Instead, it encroached on the Executive Branch process and ordered Mr. Costianes to surrender to the U.S. Marshals on February 12, 2025, despite that not being normal or needed.

With no ability to house him in West Virginia, if this Court does not act urgently the U.S. Marshals must move him in chains and shackles at taxpayer expense in the next 48 hours to Youngstown, Ohio, as reported by the U.S. Marshals.

### Case History

On February 12, 2021, at approximately 6:40 a.m., Eastern Standard Time the FBI conducted a violent SWAT assault using explosives and arrested Defendant Elias Costianes at his residence in Maryland. The arrest was pursuant to a criminal complaint filed with an arrest warrant from the FBI's Washington Field Office for allegations concerning his peaceful presence at the United States Capitol on January 6, 2021. The complaint and arrest warrant were signed by a US District Court of D.C. (D.D.C.) Magistrate. (Times are from 1:21-cr-00180-RJL Document 33 at 1).

Mr. Costianes was in custody well over an hour at his residence while the FBI searched pursuant to a warrant issued by a local magistrate given an FBI affidavit.

The search warrant contained video and identification already ascertained by the FBI. For want of his phone and laptop, what could be considered an illegal general warrant fishing expedition with force was implemented to search for anything. During the search while Appellant was still present in handcuffs, the FBI saw a vial with liquid on his kitchen counter and questioned him. He allegedly answered that he was taking testosterone because he was "low-T." The FBI searched for more in his bathroom medicine cabinet, presumably after having already confiscated his phone and electronic devices that were the main items identified for the search. Mr. Costianes had his prescription available a month later.

At 7:25 a.m. that morning of February 12, 2021, law enforcement agents started the transport of Mr. Costianes directly from Maryland to the Washington Field Office in D.C., where he was placed for hours in the D.C. Detention Facility prior to his first appearance before a D.D.C. magistrate (*id*. at 2). He was not taken to a federal magistrate in Maryland because after the search and arrest he was only considered a January 6th defendant.

Mr. Costianes was released on his own recognizance by the D.D.C. magistrate on February 12, 2021. He was indicted in the D.D.C. on March 3, 2021. 1:21-cr-00180-RJL ECF No. 7. He pled not guilty. His charges included one non-violent felony, "Obstruction of Congress and Aiding and Abetting," in violation of U.S.C. 18, §1512(c)(2). This was subsequently overturned by the U.S. Supreme Court in

June 2024 as unconstitutional misapplication of the law. His other charges were misdemeanors that the DOJ used against everyone (colloquially referred to as trespass charges and being disorderly for mere presence), plus a count for entering a gallery of Congress.

Mr. Costianes remained on supervised release in compliance. (*Id*. at ECF No. 18). Those conditions placed him under supervision of D.C. pretrial services, where he was not allowed in D.C. except for court or attorney meetings and was required to report a change of address. He complied. He was then arrested on September 1, 2021, in the matter under appeal from the Maryland District Court that arose from the February 12, 2021, search related to January 6th. 1:21-cr-00458-JKB ECF No. 5. He was given conditions of supervised release that included the requirement for a psych evaluation and participation in a substance abuse program if directed by pretrial services; no use of illicit substances; and drug testing. 1:21-cr-00458-JKB ECF No. 11.

He notified both the Maryland and D.C. courts of his move to West Virginia in September 2021. The D.D.C. judge responded with a change to the release conditions and adopted under the January 6th case the requirement for a psych evaluation and participation in a substance abuse program if directed by pretrial services; no use of illicit substances; and drug testing. 1:21-cr-00180 ECF No. 28 issued on October 5, 2021. The search warrant that was the basis for the later,

separate indictment in Maryland federal court was exclusively for evidence related to his January 6 prosecution.

The government intended to use evidence and statements from his arrest and search in February 2021 in the D.C. January 6th case. *Id*. at ECF No. 29 Motion to Suppress; opposed by the government at ECF No. 33. In its opposition the government admitted the FBI interrogated Mr. Costianes in custody at his home for almost 45 minutes while they searched. The opposition filing admitted that the arrest, search, and any resulting interrogation statements were all related to the case for January 6. Mr. Costianes' appeal arises from matters related to his sentencing, which a CJA was appointed for - separately from this motion.

## MR. COSTIANES RECEIVED A PRESIDENTIAL PARDON

On January 20, 2025, Donald J. Trump was sworn into office as the 47th President of the United States. President Trump issued many executive actions that day, including a pardon to all January 6th defendants who had been convicted. He ordered the immediate release of any imprisoned. It is counterintuitive to the pardon's language for any court to continue to imprison those covered under the pardon. In addition, as should be done here and at the lower court, the executive order directed the Department of Justice to dismiss with prejudice all cases that are in relation to January 6th:

## BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

## A PROCLAMATION

"This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation. Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

"(a) commute the sentences of the following individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, to time served as of January 20, 2025 . . . .

"(b) grant a full, complete and unconditional pardon to all other individuals convicted of offenses *related to* events that occurred at or near the United States Capitol on January 6, 2021. (emphasis added).

"The Attorney General shall administer and effectuate the immediate issuance of certificates of pardon to all individuals described in section (b) above, and shall ensure that all individuals convicted of offenses *related to* events at or near the United States Capitol on January 6, 2021, who are currently held in prison are *released immediately*. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive. (emphasis added).

"I further direct the Attorney General to *pursue dismissal, with prejudice* to the government of *all pending indictments* against individuals for their conduct *related to* the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive." (emphasis added).

Granting Pardons and Commutation of Sentences for Certain Offenses *Relating to* the Events at or Near the United States Capitol on January 6, 2021, signed by President Donald J. Trump on January 20, 2025. (emphasis added).

## ARGUMENT

## <u>SUMMARY</u>

Because the case in the Maryland District Court arose from and relied upon the search warrant for January 6th, where the government later separated charges into two cases contrary to DOJ's Petit Policy; and the government in both cases was relying upon the search evidence and statements, the instant appeal and district case *is in relation to January 6th.*

Because the government here has not previously engaged in applicability of the pardon, there must be time for the government to address the matter with its chain and with undersigned counsel so that Mr. Costianes is not irreparably harmed. This Court should not lend its own interpretation to the words of the pardon. The government must first articulate that it will either file a consent motion for this Court to vacate and remand for dismissal, or it will oppose the pardon application in pleadings. During this time, Mr. Costianes must be released.

To prevent irreparable harm while allowing discussion and guidance from higher levels of the government, this Court must order the U.S. Marshals to release Mr. Costianes. That act will return the matter to a status quo during deliberations, so he is not irreparably harmed and public faith in the justice system is not undermined. This is an extraordinary circumstance where application of the pardon will extinguish the appeal and the Section 2255 Motion at the lower court.

There are other cases where the government operating in the D.D.C. court has already determined that the January 6 defendants charged with crimes outside D.C. and not on January 6, 2021, and even after being on pretrial release, fell under the pardon. For one example, two defendants cut their electronic bracelets & absconded a year or two after they were on pretrial release in Florida from a J6 case. The Failure to Appear was indicted. The charges were dismissed under the pardon. See U.S. v. Olivia Pollock & Joseph Hutchinson, 1:21-cr-447 (CJN). In another case, U.S. v. Vo, 21-cr-509 (TSC), the defendant failed to report to the BOP in June 2024. The defendant went to Canada and sought political asylum. The Government filed a separate Information, 1:25-cr-10 for the failure to report. The Government eventually dismissed that case based on the Pardon. Cases not being considered under the pardon are ones where the defendant was already or due to be incarcerated for a state charge; or in one case the act of threatening the life of a law enforcement investigator while on supervised release.

President Trump included the unfair treatment of defendants during the prosecution process as part of the pardon language. He knows that the FBI investigations under the Patriot Act, with the labeling of defendants as domestic terrorists, caused loss of employment, businesses, banking, families, and more. He knows the amount of PTSD caused by the unnecessary SWAT assaults. For the similar crime of possessing a firearm and using a controlled substance, in pardoning

his son Hunter, President Biden said "I believe in the justice system, but as I have wrestled with this, I also believe raw politics has infected this process and it led to a miscarriage of justice."[1] In addition to the search and subsequent prosecution in both district courts being  "in relation to January 6th," Mr. Costianes has already been subjected to harm by the domestic terrorism investigation techniques employed.

## **STANDARD**

Mr. Costianes previously requested a stay of his self-surrender at the Maryland district court and was denied. (ECF Nos. 155; 159). It is both impractical and futile for him to have made another request today after his CJA informed him just yesterday that she was not filing anything further under her appointment orders, and lacking knowledge and experience in the cases surrounding the pardon. Undersigned are well informed but our only option on his behalf at this point is to start with this Court. This Court which may order or make a limited remand to the lower court given the denial in ECF No. 159 without consideration of the pardon.

In considering whether to grant a stay or injunction pending appeal, a court must balance four factors for the movant:

> (1) whether he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that the stay or injunction is in the public interest."

---

[1] https://apnews.com/article/biden-son-hunter-charges-pardon-pledge-24f3007c2d2f467fa48e21bbc7262525 (last visited February 11, 2025)

*Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (Rehnquist, J.). See Also Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Munaf* v. *Geren*, 553 U.S. 674, 689-690 (2008); *Amoco Production Co.* v. *Gambell*, 480 U.S. 531, 542 (1987); *Weinberger* v. *Romero-Barcelo*, 456 U.S. 305, 311-312 (1982); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The factors are not rigid, and courts do not rely on equal balance. "The four factors [are] typically . . . evaluated on a sliding scale." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (Brown, J.) (internal quotations omitted). Thus, a strong showing of one factor may excuse a relatively weaker showing on another. *Id.* "Thus, a stay may issue with a lesser probability of success when the likelihood of irreparable harm is great." See *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C. Cir. 1977). The other consideration is if a serious, substantial, legal question is raised. *Id.*

In this case, all four factors favor the Appellant, where additionally the pardon as discussed supra presents a serious, substantial, legal question that must be resolved based on the words of the pardon.

## I.  Mr. Costianes is Highly Likely to Succeed on the Merits.

The discussion above about the search warrant, timings, and everything being a derivative related to January 6, 2021, show that Mr. Costianes falls under the pardon.  He was never even initially taken to a Maryland magistrate, completely different than the vast majority of January 6th cases. He was placed under supervision of a D.C. pretrial officer, and not Maryland. That his charges were separated out to

create a second case to further cause him pain and suffering financially and reputation-wise is a consideration. Whether he had ineffective assistance of counsel and suffered severe pressure to then plead without challenging aspects of the January 6th search warrant just bolsters that everything evolved from January 6th when it came to his search, arrests, and prosecutions. In many cases, defendants who had small amounts of marijuana and weapons were never charged as was Mr. Costianes. The prosecution can be viewed here as selective to force a plea and maximum punishment. Because over 1,560 cases have all been determined to fall under the pardon, with only approximately four - five other January 6 defendants incarcerated (where one has a Habeas Section 2241 approaching court hearing), Mr. Costianes falls well within the pardon and is highly likely to succeed on the merits.

## II.  Mr. Costianes is Extremely Likely to Suffer Irreparable Harm in the Absence of Emergency Preliminary Relief.

In fact, because he had to self-surrender today to the U.S, Marshals on the Maryland district court order denying a stay (ECF No. 159); and prior to the BOP assigning him a security level and facility, he is now imprisoned under the U.S. Marshals. He will be shackled, chained, and subject to deprivations as he is moved to Ohio. He has no outside communications. He has no commissary or mail. Thus, will continue for at least a week. Then nobody knows what further deprivations and humiliations he will be subjected to when every report corroborates lack of nutritious food, lack of facility temperature control, and even lack of pillows and human

sleeping conditions. He will be irreparably harmed by a broken jail and prison system that is a systemic issue nation-wide. He will have no education or anything resembling "rehabilitation" (which he does not need). Every day that he remains imprisoned is a day in his life that cannot be replaced. He can't go back in time to replace lost freedom. He cannot recover the income loss. He cannot recover the time of punishment when he should have been free because he was pardoned. He cannot erase the humiliation, isolation, and mental anguish that he will continue to be subjected to daily if not released on Order of this Court.

Because the facts are each a given as to irreparable harm, he prevails in this factor and this Court must order his immediate release.

### III.  <u>The Balance of Equities Tips in Mr. Costianes' Favor</u>.

The Government's equity is to justly apply the pardon in the Maryland district court case and this current appeal. The government has no equity in imprisoning him today instead of 30-60 days, or whatever time it takes, to properly consider and apply the pardon. The government loses nothing if he is determined to be outside the pardon and then must report to prison. The government gets no benefit by allowing the lower court to thumb its nose at the Executive Branch time and process for BOP assignment. The abnormal order to report to the U.S. Marshals is a strain in them – they are not supposed to be a holding organization for those deemed able to self-report to the BOP.

Mr. Costianes was pardoned in the D.C. case, yet the Government here has not initiated the motion with this Court to vacate and remand for the lower court to dismiss. That is the legal procedure under a pardon. Indeed, there has been no discussion of the matter until yesterday in obtaining the government position on this motion. There was no apparent analysis of the case, and the pardon as intended by the President. There was no apparent guidance and discussion with the new U.S. Attorney General. Nobody has asked President Trump *yet*.

The Government has equity in following the U.S. Constitution. It has no equity in persecuting January 6 defendants. There is no detriment that will accrue to the Government with an Order releasing Mr. Costianes. He is no danger to anyone and has been punished more than enough prior to incarceration. He has not had an opportunity to clear his reputation, when he was a peaceful tourist for a short time inside the Capitol. He never distributed drugs and was told by his former attorney that he was in a conspiracy for such when he purchased anything. He has not been able to describe the car accident (not his fault) that caused severe injury and pain. He has not been able to describe the isolation from Covid lockdowns.

The equity to the government is for a citizen to continue being a productive member of society. He was and is a decent, hardworking American who loves his country. He takes care of a relative with a handicapping disease. He loves God. He was deservedly pardoned yet he is in jail.

The equity of having the law of the U.S. Constitution through a Presidential pardon properly applied to Mr. Costianes tips the scale of equities in his favor, where a failure in that regard is now causing irreparable harm. Over 1,560 people had the pardon applied yet that is not the case here when it should be so.

There is no equity in America greater than the ability to pursue life, liberty, and happiness. The government has no equity in denying him those God-given rights - especially not until there is a fair and just adjudication of pardon application.

## IV. __The Stay or Injunction is in the Public Interest__.

The United States Constitution grants the President the power to "grant Reprieves and Pardons" See, U.S. Const. Art. II, Section 2. "This plenary power allows the President to reprieve or pardon all offenses after their commission either before trial, during trial, or after trial, by individuals, or by classes, conditionally or absolutely, and this without modification or regulation by Congress." *Lorrance v. Commandant*, 137 F. 4th 1150, 1154 (10th Cir. 2021) ((citing, *Ex Parte Grossman*, 267 U.S. 87, 120, (1925)). Adherence to the U.S. Constitution by granting this Motion is of great public interest. Let the lawyers argue and analyze without irreparably harming Mr. Costianes.

President Trump's pardon was designed to encourage healing and unity. These are in the public's interest. The on-line haters and social media bots may continue, but the numbers will decrease. It is of great public interest that the justice system be

seen as being just – and not part of some anti-American resistance. Most Americans, depending on the poll, support the pardon and moving forward in unity. It is of great public interest that a patriotic, Christian American, who caused no violence and no harm to anyone or anything, be immediately freed under the pardon. As the public continues to become more aware of the egregious abuses of the Patriot Act and SWAT teams employed against neighbors, it is of substantial public interest that the "justice system" not be seen as incarcerating a man who was pardoned. The public will want to know why he is being singled out when many who burned cities and killed people, including police, over the summer of 2020 were never prosecuted. If Mr. Costianes' appellant attorneys cannot see justification to not apply the pardon, Americans who just see a decent man incarcerated will have serious interest. They are already holding government in low regard – they have an interest in seeing if anything has changed.

Because President Trump won the popular vote given Americans' overwhelming interest in seeing a justice system that is not weaponized, it is in the public interest for the Court to Order his release, enjoin the government to examine the pardon and this case, and then apply it. The public's interest does not demand the government do the analysis in one day. But the public interest in the injunction / stay is in seeing that a pardoned man is not imprisoned and irreparably harmed.

Just as some oppose pardons given by every former president, there are some who are against the January 6 defendants' pardon despite that the U.S. Constitution gives that power to the President. It is his alone. Congress cannot legislate on the pardon power. The Court cannot interpret the meaning of the pardon's words outside the plain English use. The pardon here is broad. The President did not write "for acts committed at the U.S. Capitol on January 6th between 1 p.m. and 5 p.m. "He used the words "in relation to." Mr. Costianes' charges in the Maryland district court arose in relation to a January 6th search warrant and custodial interrogation, albeit 8 months later. The public has an interest in seeing him free and contributing to society rather than having his freedom taken when he falls under a pardon. As stated previously, this is an extraordinary circumstance and the deference to freedom out to be super extraordinary here.

## CONCLUSION

Because the factors for the emergency stay or injunction all tip in favor of Mr. Costianes, this Court should immediately Order the U.S. Marshals to release him. If the government opposes, they should have a half day to respond as to why he cannot be released before being shipped around the country while the government ponders the issue over time. The lower court may also be enjoined to address an error of law as to why the pardon was not considered when it denied the stay and ordered Mr. Costianes to self-surrender before the BOP was even prepared to receive him. This

Court – after ordering release of Mr. Costianes, should ask the parties to jointly recommend a timeline to the Clerk for determination of whether the government will be submitting a motion to vacate and then remand to the lower court to dismiss the case – in a mirror image of the D.C. Circuit process.

February 12, 2025

Respectfully Submitted,

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Counsel
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
(813) 659-5178
Carolstewart_esq@protonmail.com

/s/ Roger I. Roots
Roger I. Roots
Appellant's Counsel
John Pierce Law
21550 Oxnard St. 3rd Floor
PMB #172
Woodland Hills, CA
775-764-9347
rroots@johnpiercelaw.com

## CERTIFICATE OF COMPLIANCE

1. I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 4,452 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced romanstyle typeface (Times New Roman).

February 12, 2025

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2025, I caused the foregoing Appellant's' Motion to be served on Appellee by the Court's electronic filing system where the Appellee is registered.

February 12, 2025

/s/ Roger I. Roots
Roger I. Roots
Appellant's Counsel

# CASE 24-4543

# ADDENDUM TO MOTION

TABLE OF CONTENTS

Federal register President's Pardon 1/20/25....................................................ADD2

White House Page Pardon 1/20/25…………..........................................ADD5

Pardon Certificate …………………………......................................ADD8

DC Docket Minute Order Case Dismissed…………………........................ADD10

Relevant Motions and Orders District Court.................................................ADD11
    ECF No. 155 Motion …………………………………………..ADD12
    ECF No. 156 Order  …………………………………………..ADD17
    ECF No. 158 Motion …………………………………………..ADD18
    ECF No. 159 Memorandum and Order…………………………...ADD27

# Exhibit A

## Presidential Documents

Proclamation 10887 of January 20, 2025

### Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021

**By the President of the United States of America**

**A Proclamation**

This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

(a) commute the sentences of the following individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, to time served as of January 20, 2025:

- Stewart Rhodes
- Kelly Meggs
- Kenneth Harrelson
- Thomas Caldwell
- Jessica Watkins
- Roberto Minuta
- Edward Vallejo
- David Moerschel
- Joseph Hackett
- Ethan Nordean
- Joseph Biggs
- Zachary Rehl
- Dominic Pezzola
- Jeremy Bertino

(b) grant a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021;

The Attorney General shall administer and effectuate the immediate issuance of certificates of pardon to all individuals described in section (b) above, and shall ensure that all individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, who are currently held in prison are released immediately. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive.

I further direct the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive.

ADD002

IN WITNESS WHEREOF, I have hereunto set my hand this twentieth day of January, in the year of our Lord two thousand twenty-five, and of the Independence of the United States of America the two hundred and forty-ninth.

[FR Doc. 2025–01950
Filed 1–28–25; 8:45 am]
Billing code 3395–F4–P

# Exhibit B

PRESIDENTIAL ACTIONS

# GRANTING PARDONS AND COMMUTATION OF SENTENCES FOR CERTAIN OFFENSES RELATING TO THE EVENTS AT OR NEAR THE UNITED STATES CAPITOL ON JANUARY 6, 2021

January 20, 2025

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

(a) commute the sentences of the following individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, to time served as of January 20, 2025:

- Stewart Rhodes
- Kelly Meggs
- Kenneth Harrelson
- Thomas Caldwell
- Jessica Watkins
- Roberto Minuta
- Edward Vallejo

ADD005

David Moerscne
Joseph Hackett
Ethan Nordean
Joseph Biggs
Zachary Rehl
Dominic Pezzola
Jeremy Bertino

(b) grant a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred *a t* or near the United States Capitol on January 6, 2021;

The Attorney General shall administer and effectuate the immediate issuance of certificates of pardon to all individuals described in section (b) above, and shall ensure that all individuals convicted of offenses related to events that occurred *a t* or near the United States Capitol on January 6, 2021, who are currently held i, prison are released immediately. The Bureau of Prisons shall immediately implement all instructions from the Department *cl* Justice regarding this directive.

I further direct the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department *cl* Justice regarding this directive.

IN WITNESS WHEREOF, I have hereunto set my hand this twentieth day *of* January, in the year of our Lord two thousand tvventy-five, and *cl* the Independence of the United States *cl* America the two hundred and forty-ninth.



News

Administration

Issues

THE WHITE HOUSE

1600 Pennsylvania Ave NW
Washington, DC 20500

# EXHIBIT C

# PERSONAL PARDON

# Donald J. Trump

*President of the United States of America*

## Certificate of Pardon

### *Elias Costianes*

was pardoned by the Presidential Proclamation of January 20, 2025. The pardon applies only to convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021.

As directed by the Proclamation of Pardon and in witness whereof, the Office of the Pardon Attorney has caused the seal of the Department of Justice to be affixed below and issues this certificate of pardon to the named person.



*Done at the City of Washington, District of Columbia, on February 11, 2025.*

ID318757

ADD008

# EXHIBIT D

# DC PARDON

1:21cr180, USA v. COSTIANES

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | 18, 2024, at 3:30 PM, in Courtroom 18, in person, before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 10/30/2024. (lcrjl3) Modified to add defendant's name on 10/31/2024 (smc). (Entered: 10/30/2024) | |
| 90 | 12/16/2024 | MOTION to Convert Hearing To Remote by ELIAS N. COSTIANES. (Attachments: # 1 Text of Proposed Order)(Cooper, Peter) (Entered: 12/16/2024) | |
| | 12/16/2024 | MINUTE ORDER as to ELIAS N. COSTIANES (1) regarding Status Conference. It is hereby ORDERED that the Status Conference currently scheduled for December 18, 2024, is hereby VACATED and will be rescheduled at a later date. SO ORDERED. Signed by Judge Richard J. Leon on 12/16/2024. (lcrjl3) (Entered: 12/16/2024) | |
| 91 | 12/17/2024 | Unopposed MOTION for Speedy Trial Tolling by USA as to ELIAS N. COSTIANES. (Krebs-Pilotti, Melanie) (Entered: 12/17/2024) | |
| 92 | 01/21/2025 | Unopposed MOTION to Dismiss Case by USA as to ELIAS N. COSTIANES. (Attachments: # 1 Text of Proposed Order)(Krebs-Pilotti, Melanie) (Entered: 01/21/2025) | |
| 93 | 01/22/2025 | ORDER granting 92 Motion to Dismiss Case as to ELIAS N. COSTIANES (1). The 7 Indictment is DISMISSED with prejudice and all pending deadlines/hearings are VACATED. SO ORDERED. Signed by Judge Richard J. Leon on 1/21/2025. (lcrjl3) (Entered: 01/22/2025) | |
| | 01/22/2025 | DISMISSAL OF COUNTS on Government Motion as to ELIAS N. COSTIANES. (zstd) (Entered: 01/24/2025) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document

# EXHIBIT E

# Orders

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

V.      *      CASE NO. 21-cr-0048-JKB-1

ELIAS NICK COSTIANES, JR.      *

## **REQUEST FOR EXTENSION OF TIME TO SURRENDER**

The Defendant, Elias Nick Costianes, Jr., by and through undersigned counsel, Megan E. Coleman, Esq. and the law office of MarcusBonsib, LLC, hereby requests that this Court grant the Defendant's Request for Extension of Time to Surrender until Friday, March 14, 2025, and as reasons in furtherance thereof states as follows:

1. On September 24, 2024, the Defendant appeared before this Honorable Court in the above captioned matter and was sentenced to serve a period of incarceration of one year and one day. At the hearing, the Court granted the Defendant's request to have until January 15, 2025 to surrender to begin serving his sentence. The Defendant was represented by the Office of the Federal Public Defender at this sentencing hearing.

2. Thereafter, the Defendant noted an appeal to the United States Court of Appeals for the Fourth Circuit.

3. On December 6, 2024, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). *See* Doc. 150.

4. As a result, the Office of the Federal Public Defender moved to withdraw its appearance in the Fourth Circuit, and that request was granted by the Fourth Circuit on December 10, 2024. *See* Doc. 152. That same day, the Fourth Circuit appointed undersigned

ADD012

counsel to represent the Defendant in his direct appeal in the Fourth Circuit. *See* Doc. 152.

5.  The Defendant is *pro se* for his pending § 2255 Motion.

6.  On December 23, 2024, the Defendant filed a *pro se* Supplement to Modify his § 2255 Motion. *See* Doc. 153. Contained within that filing was the Defendant's request "to delay and grant him eight (8) weeks reprieve from presentment to U.S. Marshals to commence the sentence imposed[.]" *See* Doc. 153, p. 1. *See also* Doc. 153, p. 13, ¶ 6 ("Defendant request the Court to either delay the time for him to appear before the U.S. Marshals to commence the period of his incarceration by eight (8) weeks (appearance and commencement to start between March 5-15th, 2025 instead of January 5-15th, 2025)[.]").

7.  The basis for the Defendant's request to delay the surrender was so that the reasons asserted in the § 2255 Motion could be decided, primarily, whether defense counsel at sentencing failed to present evidence that the Defendant was not a large-scale drug dealer.

8.  On January 14, 2025, around 4:00 p.m., undersigned counsel received a phone call from Jackie Martin of the U.S. Marshals Service informing undersigned counsel that their office initially told the Defendant that he did not have to surrender on January 15, 2025, because he still has a pending case in the District of Columbia. However, Ms. Martin told undersigned counsel that they needed to correct that directive because Ms. Martin spoke directly with this Court and was advised that because there was no pending motion to delay the surrender date, the Defendant must surrender as ordered.

9.  Undersigned counsel is hereby requesting that this Honorable Court consider the Defendant's request of an eight (8) week delay to surrender that he made to this Court on December 23, 2024, which is still pending.

10. In addition to the reasons set forth in the Defendant's § 2255 Motion, undersigned counsel also asks this Court to consider delaying his surrender date because he still has a pending matter in *United States v. Costianes*, Case No. 21-cr-00180-RJL, in the District of Columbia that relates to the January 6th Riots. The most recent Status Conference in that case was scheduled for December 18, 2024, but was vacated and ordered to be rescheduled at a later date. It is the Defendant's hope that within the next eight (8) weeks, there might be clarity in that case regarding whether the Government will be pursue the pending charges.

11. On January 14, 2025, at approximately 4:08 p.m., undersigned counsel attempted to contact Assistant United States' Attorneys Michael Cunningham and David Bornstein, through phone and/or e-mail, to obtain the Government's position regarding this request. As of the time of the filing of this motion, undersigned counsel has not received a response from the Government.

12. WHEREFORE, the Defendant respectfully requests that this Honorable Court grant the Defendant's request to extend the time to surrender to serve his sentence from January 15, 2025 until March 14, 2025.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Megan E. Coleman*
Megan E. Coleman
Bar # 17552

ADD014

6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
megancoleman@marcusbonsib.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing was served this 15th day of January,

2025, upon the Office of the United States Attorney, *via* CM/ECF.

*<u>/s/ Megan E. Coleman</u>*
Megan E. Coleman

ADD015

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                *

V.                                       *        CASE NO. 21-cr-0048-JKB-1

ELIAS NICK COSTIANES, JR.               *

## **ORDER**

Upon consideration of the Defendant's Request for Extension of Time to Surrender, it is this _____ day of _____; 2025, hereby ORDERED that the request is GRANTED;

IT IS FURTHER ORDERD THAT the Defendant shall have until March 14, 2025 to surrender to the U.S. Marshals Service to begin serving his sentence in the above-captioned matter.

_____
HONORABLE JAMES K. BREDAR
U.S. DISTRICT COURT JUDGE
FOR THE DISTRICT OF MARYLAND

ADD016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-21-0458 |
| ELIAS NICK COSTIANES, JR. | * | |
| Defendant | * | |
| | *** | |

## ORDER

Upon consideration of the Defendant's Request for Extension of Time to Surrender, it is this __15th__ day of January, 2025, hereby ORDERED that the request is PARTIALLY GRANTED. IT IS FURTHER ORDERED THAT the Defendant shall have until February 12, 2025 to surrender to begin serving his sentence in the above-captioned matter.

The Defendant shall voluntarily surrender at the designated place of incarceration on a date and at a time specified by the United States Bureau of Prisons and/or the United States Marshals Service, provided that said date falls before February 12, 2025. If no such voluntary surrender date is set by those authorities, then the Defendant shall surrender to the United States Marshal in the District of Maryland before noon on February 12, 2025.

BY THE COURT:

/S/ JAMES K. BREDAR
_____
James K. Bredar
United States District Judge

ADD017

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

V.                                *          CASE NO. 21-cr-00458-JKB-1

ELIAS NICK COSTIANES, JR.         *

## MOTION FOR APPROPRIATE RELIEF

The Defendant, by and through counsel, Megan E. Coleman, Esq. and the law office of MarcusBonsib, LLC, hereby files this Motion for Appropriate Relief requesting the following:

**I.    Request that Undersigned Counsel be Court-Appointed for the Motion to Vacate**

On January 15, 2025, undersigned counsel entered her appearance in a limited capacity in this matter, as an un-paid, pro bono attorney, solely for the purpose of requesting an extension of time for the Defendant's surrender to begin serving his sentence in this matter. (*See* ECF Nos. 154, 155). Undersigned counsel did that as a courtesy to Mr. Costianes, who was due to surrender that day to begin serving his sentence in the above-captioned matter, but had not yet received a response from this Court relating to his request to extend his surrender date in his Supplement to his Motion to Vacate that he filed on December 23, 2024. (*See* ECF No. 153, pp. 1, 13).

Mr. Costianes filed that request *pro se*.

Undersigned counsel had been appointed by the Fourth Circuit to represent Mr. Costianes in his direct appeal only.

On January 15, 2025, this Court granted Mr. Costianes's request to extend the date for his surrender until no later than February 12, 2025 at noon. (*See* ECF No. 156). That same day, this Court entered an Order directing undersigned counsel to file any supplement to Defendant's pro se Motion to Vacate on or before today, January 22, 2025. (*See* ECF No. 157). The Court ordered undersigned counsel to file any supplement on behalf of Mr. Costianes because "Counsel has now entered an appearance on behalf of Defendant. (ECF No. 154)." (See ECF No. 157).

1

Undersigned counsel believes that the scope of her limited entry of appearance to extend a surrender date, would be greatly expanded by the representation of Mr. Costianes in his Motion to Vacate proceedings, and therefore, undersigned counsel requests that this Honorable Court appoint undersigned counsel pursuant to the Criminal Justice Act, to represent Mr. Costianes.

Mr. Costianes qualifies for representation as he was given court-appointed counsel for his direct appeal, and he was previously represented by the Office of the Federal Public Defender in his first Motion to Vacate.

As will be set forth below, undersigned counsel believes that the issues to be decided in the Defendant's Motion to Vacate are more complex than what he originally filed.

## II.    Request for Additional Time to File Supplement to Motion to Vacate

### A.    The Sentencing Issue Raised in the Motion to Vacate Might Be Mooted Out in the Direct Appeal.

In the Defendant's pending December 6, 2024 Motion Under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"), he alleged ineffective assistance of counsel at the time of his re-sentencing on September 24, 2024. (ECF No. 150). As a summary, Mr. Costianes alleged that defense counsel failed to present evidence to the Court that he was not a large-scale drug dealer of 85 grams of cocaine, but rather, that he only distributed a mere fraction of that amount to a couple of his closest friends. (ECF No. 150, p. 4).

Mr. Costianes contended that had this Court been presented with the accurate picture, this Court might not have imposed the sentence of one year and one day. Upon review of the sentencing transcripts, undersigned counsel observed that this Court justified the sentence based on the nature of the offense, finding that Mr. Costianes was part of a system in which illegal drugs percolate into the wider community, (S. 9/24/24, p. 32); that the sentence had to promote respect for the law with this Court finding that "the most serious aspect" was the distribution of drugs into the wider

2

community, (S. 9/24/24, p. 33); and deterrence so that the public would know that the law is being enforced for the protection of everyone. (S. 9/24/24, p. 35).

After receiving this Court's January 15, 2025 Order regarding a motion to supplement the Motion to Vacate based on this issue, undersigned counsel contemplated asking the Court to hold the motion in abeyance while pursing the Defendant's direct appeal, because undersigned counsel discovered an appellate issue that if correct, would essentially moot the Motion to Vacate.

Specifically, undersigned counsel discovered that the discretionary conditions of probation orally ordered at the sentencing hearing differed from the discretionary conditions of probation in the written Judgment.

At the sentencing hearing, this Court considered the 13 Standard Conditions of Supervision that appear on Page 22-23 of the Pre-Sentence Report. (S. 9/24/24, p. 38, Doc. 86, p. 22-23). The first condition of the Pre-Sentence Report requires that the Defendant "report to the probation office in the federal judicial district where you are authorized to *reside*[.]" (Doc. 86, p. 22) (emphasis added).

However, the written Judgment requires that the Defendant "report to the probation office in the district to which the defendant is *released*[.]" (Doc. 139, p. 3 (top of page)) (emphasis added).

The difference in the two is that one requires the Defendant to report to where he resides, whereas the other directive requires the Defendant to report to where he is released. Recently, in the unreported opinion *United States v. Gatson Reyes*, No. 23-4598 (4th Cir. Oct. 3, 2024), 2024 WL 4381162, the Fourth Circuit held that the exact same error required Mr. Reyes's sentence to be vacated and remanded for resentencing. While the *Reyes* Opinion is not binding, the cases that it relied upon were. *See*, *United States v. Rogers*, 961 F.3d 291, 295-99 (4th Cir. 2020) (A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.);

3

*United Staes v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) ("Discretionary conditions that appear for the first time in a subsequent written judgment…are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."); *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) ("compare[ ] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.").

Because a full re-sentencing hearing may be ordered by the Fourth Circuit for this type of error, the Motion to Vacate may become moot on this issue.

However, if the Defendant is not successful on this issue in his direct appeal and/or if this Court orders the Defendant to present this claim in his Motion to Vacate while the direct appeal is pending, undersigned counsel would still need additional time to review the discovery in this case relating to the quantity of drugs distributed by Mr. Costianes. Undersigned counsel was not trial counsel, and normally as an appellate attorney, does not review the underlying discovery, especially in a case, whereas here, the Defendant pleaded guilty. Undersigned counsel asked the Office of the Federal Public Defender whether they were in possession of the underlying discovery, but was told that they were provided some summary documents. Undersigned counsel needs to follow-up with the Government or trial counsel to acquire the information.

**B.  The January 20, 2025 Executive Order Relating to the U.S. Capitol on January 6, 2021.**

Separate and apart from the request for additional time to look into the ineffective assistance of counsel claim relating to the sentencing proceedings, a potential new issue has arisen as of January 20, 2025.

On that day, President Donald Trump was sworn into office and issued an Executive Order titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events At or Near the United States Capitol on January 6, 2021." *See*

ADD021

https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (last visited Jan. 22, 2025).

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, and listed in subsection (b) of that Executive Order, the President "grant[ed] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021" and "further direct[ed] the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."

Mr. Costianes was a defendant in *United States v. Costianes*, Case No. 21-cr-00180-RJL, relating to events at or near the United States Capitol on January 6, 2021. On January 21, 2025, the Government in that case filed a motion to dismiss with prejudice pursuant to the Executive Order, and the Court signed the Order the same day. (*See* ECF Nos. 92 and 93 in Case No. 21-cr-00180-RJL).

The potential significance of the Executive Order to the present case is that all of the evidence acquired by the Government and used to prosecute him in the present case, resulted from the Government's investigation of Mr. Costianes in the January 6 case. In February, 2021, the Government, through its agents, applied for a Search Warrant in this Court to search Mr. Costianes's residence, vehicle, and cellphone looking for, as listed in the Affidavit's Attachment B from 1(a) to (o), "Evidence concerning unlawful entry into the U.S. Capitol."

Mr. Costianes believes that there may be a colorable challenge to his conviction in the present case because the evidence was acquired based solely on and related his January 6, 2021

conduct at or near the U.S. Capitol. Mr. Costianes believes that the language of the Executive Order may be broad enough to pardon this offense as it relates to and stems directly from Mr. Costianes's January 6 conduct.

Undersigned counsel learned today that a January 6th defendant that was serving a concurrent sentence on a gun case out of the federal district of New Jersey, was released from the Bureau of Prisons yesterday because the broad language of the pardon directed anyone convicted of the January 6 conduct who was concurrently held in prison to be released immediately.

The open question is whether the "full, complete and unconditional pardon" language at the beginning of section (b) can or does extend to this case.

Due to the recency of this Executive Order, and the unique circumstances of this case, undersigned counsel needs sufficient time to research and consult with other practitioners regarding this issue.

Mr. Costianes may want to file a supplement pursuant to 28 U.S.C. § 2255(a) claiming that this Court is without jurisdiction to impose or execute the sentence in this case as a result of the January 20th Executive Order.

**C. Request for Extension of Time of 60 Days to File a Supplement to the Motion to Vacate.**

Undersigned counsel is requesting an extension of time of 60 days, until March 24, 2025, to file any supplement to the Defendant's Motion to Vacate:

1. Due to the recency of the January 20th Executive Order and the novel questions that it presents;

2. Due to the sentencing issue that would require a full review of underlying discovery materials that counsel is not currently in possession of; and

ADD023

3.  Due to the fact that both of the above-issues are outside of the scope of the material that undersigned counsel original reviewed as the appellate attorney.

### III.    Request for Extension of Time for Mr. Costianes to Begin Serving his Sentence

Undersigned counsel is requesting that this Court extend the time for Mr. Costianes to surrender to begin serving his sentence in the above-captioned matter until at least after undersigned counsel files any supplement on the requested March 24, 2025 date, and the Government files any response.

There is a very real possibility that Mr. Costianes will receive a new sentencing hearing at the very least, and further yet, that the Defendant's conviction might be vacated altogether.

Thus, it would not be in the interests of justice to have Mr. Costianes begin serving his sentence until these issues are resolved.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant the requested relief.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Megan E. Coleman*
Megan E. Coleman
Bar # 17552

6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
megancoleman@marcusbonsib.com

7

ADD024

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 22nd day of January, 2025, upon the Office of the United States Attorney, *via* CM/ECF.

*/s/ Megan E. Coleman*
Megan E. Coleman

ADD025

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

V.                                  *        CASE NO. 21-cr-00458-JKB-1

ELIAS NICK COSTIANES, JR.           *

## **ORDER**

Upon consideration of the Defendant's Motion for Appropriate Relief, it is this _____ day of _____; 2025, hereby ORDERED that the Motion is GRANTED as follows:

1. This Court SHALL APPOINT Megan E. Coleman, Esq. pursuant to the Criminal Justice Act to serve as court-appointed counsel for Mr. Costianes in his pending Motion to Vacate;

2. The Defendant SHALL FILE any Supplement to his Motion to Vacate on or before March 24, 2025; and

3. The Defendant SHALL SURRENDER by April 14, 2025 to begin serving his sentence in the above-captioned matter.

_____
HONORABLE JAMES K. BREDAR
U.S. DISTRICT COURT JUDGE
FOR THE DISTRICT OF MARYLAND

9

ADD026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,        \*

    v.                          \*        CRIMINAL NO. JKB-21-0458

ELIAS NICK COSTIANES, JR.,      \*

    Defendants.               \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM AND ORDER

Petitioner Elias Nick Costianes, Jr. filed a pro se Motion to Vacate, Set Aside or Correct Sentence (the "§ 2255 Motion"). (ECF No. 150, as supplemented by ECF No. 153.) At sentencing, Mr. Costianes was ordered to surrender before 12:00 p.m. on January 15, 2025. (ECF No. 139.) The morning of January 15, Megan Coleman (counsel for Mr. Costianes) filed a Request for Extension of Time to Surrender, seeking to extend his surrender date to March 14, 2025. (ECF No. 155.) The Court granted this motion in part, extending the surrender date to February 12, 2025. (ECF No. 156.) The Court also issued an order setting a briefing schedule in relation to the § 2255 Motion, directing Mr. Costianes's counsel to supplement the § 2255 Motion by January 22, 2025 and directing the Government to respond by January 31, 2025. (ECF No. 157.)

In the late afternoon of January 22, 2025—the date that counsel's supplement was due— Ms. Coleman filed a Motion for Appropriate Relief. (ECF No. 158.) In it, she explained that she does not represent Mr. Costianes for purposes of the § 2255 Motion, but rather represents him in his direct appeal only. (*Id.*) She seeks that she be appointed as Mr. Costianes's counsel in connection with the § 2255 Motion, for additional time to file a supplement to the § 2255 Motion, and for an extension of Mr. Costianes's surrender date. (*Id.*) The Motion for Appropriate Relief will be granted in part and denied in part as described below.

First, the Court will grant the request for appointment of counsel. The Court has discretion to do so, and 18 U.S.C. § 3006A provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who" "is seeking relief under section 2241, 2254, or 2255 of title 28." The Court concludes that it would be aided in resolving the § 2255 Motion if it appoints counsel to supplement it. Ms. Coleman has already been appointed as CJA counsel in connection with Mr. Costianes's direct appeal (*see* ECF No. 152), and the Court adopts the Fourth Circuit's findings as to her appointment.

Second, the Motion for Appropriate Relief seeks an extension to March 24, 2025 to supplement the § 2255 Motion. The Court will grant this request, and will set deadlines for a response in opposition and a reply.

Third, the Court will deny the request for an extension of Mr. Costianes's surrender date. The Court does not find that an additional extension is warranted. Moreover, Mr. Costianes has cited no authority in support of the argument that his surrender date should be extended due to a pending § 2255 Motion or a pending appeal. Typically, defendants sentenced in this district are incarcerated pending any appeal or collateral challenges to their sentences.

Accordingly, it is ORDERED that:

1. The Motion for Appropriate Relief (ECF No. 158) is GRANTED IN PART AND DENIED IN PART. It is granted insofar as it seeks the appointment of counsel and for an extension of time to supplement the § 2255 Motion. It is denied insofar as it seeks the extension of Mr. Costianes's surrender date.

2. Megan Coleman is APPOINTED to represent Mr. Costianes in connection with his § 2255 Motion and related matters.

2

ADD028

     a.  The Clerk SHALL NOTIFY the Criminal Justice Act Coordinating Attorney of the appointment. The Criminal Justice Act Coordinating Attorney IS ADVISED that counsel shall be paid the felony rate for her work on this case.

3.  The prior briefing schedule relating to the § 2255 Motion (ECF No. 157) is VACATED. Instead:

     a.  Mr. Costianes, through counsel, SHALL FILE any supplement or amendment to the § 2255 Motion on or before March 24, 2025.

     b.  The Government SHALL FILE any response in opposition on or before April 23, 2025.

     c.  Mr. Costianes SHALL FILE any reply on or before May 23, 2025.

4.  All other dates—including Mr. Costianes's February 12, 2025 self-surrender date (ECF No. 156)—REMAIN UNCHANGED.

DATED this **27** day January, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

3

**CERTIFICATE OF PARTIES AND DISCLOSURE**

There are no other parties or amici for this Motion.

There are no disclosures to be made as required under the Rules