IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>　　　Plaintiff - Appellee, <br><br> v. <br><br> ELIAS NICK COSTIANES, JR., <br>　　　Defendant - Appellant. | No. 24-4543 |

### UNITED STATES OF AMERICA'S RESPONSE
### TO APPELLANT'S EMERGENCY MOTION FOR RELIEF

The United States largely consents to the relief that defendant-appellant Elias Nick Costianes, Jr., seeks. *See* Appellant's Emergency Motion for Injunction to the U.S. Marshals to Release Appellant, Stay the Sentence, and Expedite this Motion Pending Appeal, filed Feb. 12, 2025 [hereinafter Motion]. The United States agrees that the President pardoned him, he should be immediately released from custody in connection with this case, his sentence should be stayed, and this Court should resolve his motion on an expedited basis. Because the President's pardon has mooted Mr. Costianes's appeal, the Court should also vacate his judgment of conviction. *See United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (per curiam).

**I.**

On Inauguration Day, President Donald J. Trump fulfilled his promise to pardon individuals convicted of offenses related to the events that occurred at or near

1

the U.S. Capitol on January 6, 2021. *See* Proclamation No. 10887, 90 Fed. Reg. 8331-32 (Jan. 20, 2025) (granting a "full, complete and unconditional pardon" to the individuals); *see also* U.S. CONST. art. II, § 2, cl. 1 (the President's Pardon Power). Mr. Costianes was one of the people the President pardoned. Ex. A (his certificate of pardon). The pardon represents "the determination of the ultimate authority that the public welfare will be better served" by an act of grace, *Biddle v. Perovich*, 274 U.S. 480, 486 (1927), and where, as here, it has been properly bestowed, it is not "subject to . . . judicial examination," *Trump v. United States*, 603 U.S. 593, 608 (2024).

Four years ago, in February 2021, federal agents executed a search warrant on Mr. Costianes's Maryland residence. ECF No. 33 at 2. The agents were searching for evidence of offenses related to the events of January 6. *Id.* While executing the warrant, they discovered evidence that Mr. Costianes was non-violently possessing contraband in violation of federal law. *Id.* at 2–4. He was indicted on several charges, ECF No. 34, and pleaded guilty to one of them under a plea agreement, ECF No. 83. The district court sentenced him to one year and one day in prison. ECF No. 139. In October 2024, Mr. Costianes filed this appeal. ECF No. 143.

President Trump, as noted, pardoned Mr. Costianes on January 20, 2025. Two days later, Mr. Costianes moved the district court to stay the commencement of his sentence while he investigated how his pardon affects this case. ECF No. 158 at 6-7. The court denied that motion. ECF No. 159 at 3.

## II.

In his motion for emergency relief, Mr. Costianes argues for the first time that President Trump's pardon of "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021," 90 Fed. Reg. at 8331, covers his conviction. He accepts that he was "deservedly pardoned" and says that the pardon is "properly applied" here. Motion 15-16. Whether the pardon applies is a fact-intensive and case-specific inquiry. After consulting with the Department of Justice's leadership, the United States has concluded that the President pardoned Mr. Costianes of the offenses in the indictment. This determination by the Executive is "conclusive and preclusive." *Trump*, 603 U.S. at 608.

Whether Mr. Costianes's motion is viewed as one for release pending appeal under Federal Rule of Appellate Procedure 9 or for stay of sentence under Appellate Rule 8, the outcome is the same: He should be immediately released from custody in connection with this case because the President has pardoned him of the offenses in the indictment. *See Ex parte Garland*, 71 U.S. (4 Wall.) 333, 380 (1867) ("A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence."). So the judgment of conviction provides no basis for Mr. Costianes's continued imprisonment.

3

In seeking immediate release, Mr. Costianes invokes the traditional equitable considerations governing a stay. *See* Motion 11-12; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Because he has been pardoned of his offense of conviction, the United States agrees that those considerations support granting him relief.

### III.

The question then becomes: What's next? The United States agrees with Mr. Costianes that his judgment of conviction should be vacated and the case dismissed. *See* Motion 19. He argues that vacatur should occur by motion under an unspecified procedural vehicle, *see* Motion 9, 15, but the Court should instead dismiss his appeal on the ground that President Trump's pardon has mooted it. *See Schaffer*, 240 F.3d at 38. "Because mootness implicates [the Court's] Article III jurisdiction," the Court has "an obligation to address it sua sponte." *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 292 (4th Cir. 2022).

As the D.C. Circuit explained in *Schaffer*, when a criminal defendant on appeal receives "the unpredictable grace of a presidential pardon," the pardon moots the appeal and "ends all litigation" for reasons unrelated to "any voluntary acts of settlement or withdrawal by [the defendant]." 240 F.3d at 38. Because "the appeal process [has] terminated prematurely," final judgment "never has been reached." *Id.* In these circumstances, the Court should vacate the judgment of conviction and remand with instructions to dismiss. *Id.* That established practice should be followed

4

here. *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021) ("Once a case is rendered moot on appeal, we customarily vacate the opinions and remand with direction to dismiss.").

## IV.

In conclusion, the United States consents to the Court granting Mr. Costianes the relief of releasing him immediately from custody in connection with this case, staying his sentence, and expediting the resolution of this motion. Because President Trump has pardoned him of the offenses in the indictment, the Court should hold that his appeal is moot, vacate the judgment of conviction, and remand with instructions to dismiss the indictment.

          Respectfully submitted,

          PHILIP A. SELDEN
          Acting United States Attorney

          <u>/s/ David C. Bornstein</u>
          Assistant United States Attorney
          Chief, Appellate Division
          United States Attorney's Office
          36 South Charles Street, 4th Floor
          Baltimore, Maryland 21201
          (410) 209-4800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This motion response complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains <u>1,011</u> words.

This response also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  February 19, 2025.                    <u>/s/ David C. Bornstein</u>
                                                                  Assistant United States Attorney