# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          Plaintiff - Appellee,

   v.

ELIAS NICK COSTIANES, JR.,
          Defendant - Appellant.

No. 24-4543

## UNITED STATES OF AMERICA'S SUPPLEMENTAL RESPONSE

On March 25, 2025, the Court ordered the parties to provide supplemental responses to the questions set forth in its earlier order of February 27, 2025. Those questions are: (1) "Separate and apart from the issue of mootness, whether this Court has jurisdiction to consider, and whether it is prudent for this Court to consider, Costianes' motion in the absence of any ruling by the district court on the January 20, 2025 Executive Order (the 'Pardon') and in absence of a motion to vacate Costianes' sentence"; (2) "Whether this Court has authority to review and interpret the Pardon"; and (3) "Whether the Pardon applies in this case as a conviction 'related to events that occurred at or near the United States Capitol on January 6, 2021.'" Order, filed Feb. 27, 2025.

As discussed below, the answer to the threshold question is that although the Court has jurisdiction to consider pardon-related issues in the first instance, it should not do so when it can remand to the district court for dismissal of the charges instead.

1

As made clear in the parties' new joint motion to vacate and remand—filed after the motion to which the Court's inquiry pertains—the government will ask the district court to dismiss the indictment with prejudice under Federal Rule of Criminal Procedure 48(a). The availability of that course obviates the need to address any of the further issues identified in the Court's second and third questions, which it would be inappropriate for the Court to reach out to address. Should the Court nonetheless do so, however, it should recognize that the pardon applies to Mr. Costianes's offense of conviction.

## I.

This Court has jurisdiction to grant Mr. Costianes's emergency motion for appellate relief based on the pardon but should decline to do so. The relief requested in that motion—and its reliance on the pardon for that relief—has subsequently been overtaken by the parties' joint motion to remand to allow the government to move under Rule 48(a) to dismiss the indictment with prejudice.

The Court has jurisdiction under 28 U.S.C. § 1291 because Mr. Costianes filed a timely notice of appeal from his judgment of conviction. *See* 28 U.S.C. § 1291; *see also FTC v. Yu Lin*, 66 F.4th 164, 166 (4th Cir. 2023) (describing the filing of a notice of appeal as an "event of jurisdictional significance") (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). Filing the notice "transfer[red] adjudicatory authority from the district court to the court of

appeals," *Manrique v. United States*, 581 U.S. 116, 120 (2017), and "divest[ed] the district court of control over those aspects of the case involved in the appeal," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). As a result, the district court presently lacks authority to grant a Rule 48(a) motion. *Cf. District of Columbia v. Trump*, 930 F.3d 209, 214 (4th Cir. 2019) (explaining that plaintiffs in a civil case could not seek voluntary dismissal of certain claims in the district court after the defendant filed a notice of appeal from an order regarding those claims).

Whether or not the pardon has mooted the pending appeal, the Court has authority under 28 U.S.C. § 2106 to "make such disposition of the whole case as justice may require," including by vacating the district court's judgment. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994) (quoting *Walling v. James V. Reuter, Co.*, 321 U.S. 671, 677 (1944)); *see id.* at 22–23 (discussing the Supreme Court's practice under § 2106 of vacating and remanding in moot cases under the doctrine of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). And although the Court accordingly has jurisdiction to grant Mr. Costianes's motion, the Court should decline to do so, because that motion has been overtaken by subsequent events—namely, the joint motion to remand for dismissal of the indictment.

Vacatur under Section 2106 is an "equitable remedy." *U.S. Bancorp Mortg.*, 513 U.S. at 25. No sound basis in equity exists for this Court to adjudicate Mr.

3

Costianes's motion (let alone to do so without the benefit of views from the district court) when the parties have already jointly requested other relief that will lead to dismissal of the indictment with prejudice. Indeed, it would be inequitable, and a waste of judicial resources on issues with no practical import, to address Mr. Costianes's motion when he has already joined a later-filed motion that will provide him with the full benefit of the pardon expeditiously through dismissal of the indictment.

Granting such a remand is the appropriate course because it would properly reflect the limited role of the judiciary in a criminal case that the government has decided to no longer pursue. Under Rule 48(a), "[t]he government may, with leave of [the district] court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). It may seek to do so even after a defendant's conviction has become final. *See Rinaldi v. United States*, 434 U.S. 22, 25 n.8 (1977) (per curiam).

While Rule 48(a) references "leave of [the] court," Fed. R. Crim. P. 48(a), this Court has previously explained that the district court's role is strictly circumscribed. Under the Court's decision in *United States v. Smith*, 55 F.3d 157 (4th Cir. 1995), "disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal." *Id.* at 159. Absent a finding of "bad faith," any unopposed Rule 48(a) motion "must be granted." *Id.*; *see also Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir.

2010) (per curiam). Here, because the contemplated Rule 48(a) dismissal with prejudice would rest on a presidential order, *see* Doc. 27, at 1–2, there is no basis for any finding of bad faith.

The impropriety of judicial interference with a Rule 48(a) dismissal is confirmed by background principles of the constitutional separation of powers. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Likewise, the decision to dismiss a federal criminal proceeding once brought is an Executive function that courts are ill-suited to second guess. *See, e.g.*, *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.").

## II.

Granting the joint motion for remand, allowing the indictment to be dismissed, and thereby adhering to the course most consistent with the federal rules and background principles of separation of powers would obviate any need to consider the Court's second and third questions. But if the Court were nonetheless to elect to opine on those questions, it should recognize that the pardon applies to Mr. Costianes's offense of conviction.

a. The Constitution bestows the clemency power, including the power to pardon federal offenses, "solely on the President." *Rosemond v. Hudgins*, 92 F.4th 518, 525 (4th Cir. 2024) (citing U.S. CONST. art. II, § 2, cl. 1); *see also United States v. Klein*, 80 U.S. (13 Wall.) 128, 147 (1872) ("To the executive alone is intrusted the power of pardon; and it is granted without limit."). This power "is not only expansive, but also exclusive," and "[n]either the legislative nor the judicial branches can . . . alter it." *Rosemond*, 92 F.4th at 525.

Pardons "have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). "Th[is] separation of powers was intentional," *Rosemond*, 92 F.4th at 525, and courts have "no power to interfere" with a pardon determination unless the President has "violate[d] another provision of the Constitution" in making it, *id.* (quoting *Andrews v. Warden*, 958 F.3d 1072, 1076 (11th Cir. 2020)). "[A]bsent a constitutional constraint, the President's ability to [pardon] is not subject to any further formal limits or requirements," and thus "the Judiciary's role" in reviewing a pardon "is very sharply circumscribed." *Id.* at 526; *see also id.* ("The constitutional text is . . . silent as to any particular form the President's clemency act must take to be effective.").

Although the President's pardon is an "act of his government," it is also an act "which is the most personal, and most entirely his own." *Rosemond*, 92 F.4th at 526–

27 (citation omitted). It follows that the scope of a pardon turns on what the President "intended [by] the words" in the pardon. *Id.* at 531; *see also The Buena Ventura*, 175 U.S. 384, 394 (1899) (reviewing whether a Presidential proclamation contained a distinction based on whether the President "had any such distinction in mind" and "intended it"). The Department of Justice, in turn, interprets and applies those words in accordance with its understanding of the President's intent. *Cf. id.* at 389 (referencing Executive Branch views in determining scope of presidential proclamation). There would be severe separation-of-powers issues if this Court interpreted a pardon differently from what the President intended.

b.      The pardon at issue in this case covers convictions "related to events that occurred at or near the United States Capitol on January 6, 2021."[1] Whether the pardon applies to a specific offense or conviction is, as the government noted in our response to Mr. Costianes's emergency motion, a fact-intensive and case-specific inquiry. *See* Doc. 20-1, at 3. And here, the pardon applies.

Had the President intended the pardon to apply only to "events that occurred at or near the United States Capitol on January 6, 2021," he would not have used the words "related to." *See* Antonin Scalia & Brian A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174–79 (2012) (discussing the canon against

---

[1] This language comes from The President's pardon of Mr. Costianes. *See* Doc. 20-2 (Certificate of Pardon).

surplusage). Mr. Costianes's offense of conviction stems from the discovery of firearms and ammunition in his home during the execution of a search warrant investigating his actions at and near the United States Capitol on January 6, 2021. Particularly in the absence of any indication that the firearms and ammunition were used outside the home, there is no sound basis on which to conclude that this firearm-possession offense would have been discovered in any way other than as a byproduct of the investigation into Mr. Costianes's actions on January 6—in contrast to some other crimes, which could have been discovered through other means and which are therefore truly ancillary to a January 6-related investigation. Whatever may be true of other crimes committed in other circumstances, this prosecution for possessing firearms and ammunition while law enforcement was searching Mr. Costanies's home pursuant to a warrant based on the events at or near the Capitol on January 6, 2021, is "related to" those events and thus comes within the terms of the pardon.

A plain-text interpretation that gives effect to all of the language in the pardon thus includes Mr. Costianes's offense of conviction. The Court should respect that plain-text application of the pardon, and refrain from forcing the President to personally issue a further proclamation explaining his intent.

## III.

For the foregoing reasons, the Court should grant the parties' joint motion and remand for dismissal of the indictment under Rule 48(a). But if it does not do so,

Mr. Costianes should be released from federal custody because he has been pardoned of his offense of conviction.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

/s/ David C. Bornstein
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION
AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This supplemental response complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains <u>1,964</u> words.

This supplemental response also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  March 30, 2025.                    <u>/s/ David C. Bornstein</u>
                                           Assistant United States Attorney