FILED: April 4, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4543
(1:21-cr-00458-JKB-1)

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

ELIAS NICK COSTIANES, JR.,

        Defendant – Appellant.

O R D E R

Elias Nick Costianes, Jr. was the subject of federal investigation based on his presence at the United States Capitol Building on January 6, 2021. After federal authorities executed a search warrant in February 2021 at his home in Maryland seeking evidence related to his role in the events at the Capitol Building on January 6, Costianes pled guilty to possession of a firearm and ammunition by an unlawful user of any controlled substance under 18 U.S.C. § 922(g)(3)—provided neither the firearm nor the ammunition was used in connection with January 6. In the fall of 2024, he was sentenced to one year and one day

1

of incarceration and three years of supervised release. Costianes timely filed his direct appeal.

On January 20, 2025, President Donald J. Trump issued an executive order granting a "full, complete and unconditional pardon to all . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331, 8331 (Jan. 29, 2025). Within days, Costianes moved for an extension of time to surrender arguing in part that the pardon may have "potential significance" in challenging his conviction. ECF 158, p. 5. The district court denied Costianes' motion for extension of time to surrender without expressly addressing any impact of the pardon on his conviction.

On February 12, 2025, Costianes surrendered to the U.S. Marshals. That same day, he filed in this court an emergency motion for injunction ordering the U.S. Marshals to release him, stay his sentence and expedite the resolution of his motion pending appeal. Costianes argued that because the evidence underlying his conviction was based on a search warrant seeking evidence related to the events of January 6, 2021, the pardon applied to the charge he pled guilty to. In response, the government "largely consent[ed] to the relief" Costianes sought. United States of America's Response to Appellant's Emergency Motion for Relief at 1, *United States v. Costianes*, No. 24-4543 (4th Cir. Feb. 19, 2025), Dckt. No. 20.

We then issued an order directing the parties to file supplemental responses addressing the following issues:

1. Separate and apart from the issue of mootness, whether this Court has jurisdiction to consider, and whether it is prudent for this Court to consider, Costianes' motion in the absence of any ruling by the district court on the January 20, 2025, Executive Order (the "Pardon") and in absence of a motion to vacate Costianes' sentence.

2. Whether this Court has authority to review and interpret the Pardon.

3. Whether the Pardon applies in this case as a conviction "related to events that occurred at or near the United States Capitol on January 6, 2021."

Order, *United States v. Costianes*, No. 24-4543 (4th Cir. Feb. 27, 2025), Dckt. No. 23.

Rather than providing supplemental responses, the parties filed a joint motion to vacate the conviction and remand to the district court for dismissal of Costianes' indictment, arguing that vacating the conviction and moving for dismissal under Rule 48(a) was the "more efficient and prudent course." Joint Motion to Vacate Conviction and Remand for Dismissal at 2, *United States v. Costianes*, No. 24-4543 (4th Cir. Mar. 12, 2025), Dckt. No. 27. In response, we again insisted supplemental responses be provided, which the parties subsequently did.

In our view, both pending motions require a determination of whether the pardon applies to Costianes' conviction. Given that the district court did not address that issue, and "mindful that we are a court of review, not of first view," *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)), we remand to the district court for the limited purpose of considering the pending motions, and any other related motions the parties wish to make concerning the impact of the pardon on Costianes' conviction. This court will retain jurisdiction of the appeal.

Entered at the direction of Judge Quattlebaum with the concurrence of Judge King and Judge Benjamin.

                                                            For the Court

                                                            /s/ Nwamaka Anowi, Clerk