IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff - Appellee,<br><br>v.<br><br>ELIAS NICK COSTIANES, JR.,<br>      Defendant - Appellant. | No. 24-4543 |

**UNITED STATES'S CONSENT MOTION TO EXPAND REMAND ORDER**

The United States of America hereby moves the Court to expand its remand order to encompass the Rule 48(a) motion that we filed before the district court. *See* Fed. R. App. P. 27(a). Mr. Elias Nick Costianes, Jr., has been informed of this motion through his counsel, and he consents to it.

On April 4, 2025, this Court remanded the case for a "limited purpose." Order at 3, filed Apr. 4, 2025. On April 8, the United States, with Mr. Costianes's consent, filed before the district court a motion to dismiss the indictment under Federal Rule of Criminal Procedure 48(a). ECF No. 170.[1] The district court concluded that the motion "does not fall within the scope of the remand," noted that granting the motion would "have the effect of mooting the appeal," and then held that the motion "raises

---

[1] Citations to "ECF No." refer to an electronic case filing in the district court's docket for the proceedings below.

1

a substantial issue." ECF No. 171 at 4, 6. The next day, the United States promptly informed this Court of the district court's indicative ruling. *See* Notice under Federal Rule of Appellate Procedure 12.1, filed Apr. 11, 2025.

This Court "may remand for further proceedings" on the United States's Rule 48(a) motion based on the district court's indicative ruling. Fed. R. App. P. 12.1(b). The court below correctly recognized that it may "consider" such a motion while the case is "on direct appeal," but it viewed the limited nature of this Court's remand order as the reason why it lacked authority to "resolve" the motion. ECF No. 171 at 5–6; *see also Rice v. Rivera*, 617 F.3d 802, 808–09 (4th Cir. 2010) (per curiam). This Court should expand its remand order so that the district court has the authority to resolve the United States's Rule 48(a) motion. Because Mr. Costianes agrees with the government's discretionary determination that the underlying indictment should be dismissed, this is the most efficient and prudent way to resolve the case.

**WHEREFORE,** the United States respectfully asks the Court to grant this consent motion and expand its remand order so that the district court has authority to resolve the Rule 48(a) motion filed below.

> Respectfully submitted,
>
> KELLY O. HAYES
> United States Attorney
>
> /s/ David C. Bornstein
> Assistant United States Attorney

2

                                      Chief, Appellate Division
                                      United States Attorney's Office
                                      36 South Charles Street, 4th Floor
                                      Baltimore, Maryland 21201
                                      (410) 209-4800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains <u>370</u> words.

This motion also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  April 20, 2025.                              <u>/s/ David C. Bornstein</u>
                                                                                  Assistant United States Attorney